**STATE OF MINNESOTA**  **DISTRICT COURT**
**County of Hennepin** Judicial District: Fourth/ Hennepin
Case Type: Civil Other/Misc.

Galen Traylor
Plaintiff

**'SUMMONS**

vs.

U.S. Bankcorp, U.S. Bank
Defendant

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

1

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

  **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

  **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 12, 2017

        <u>s/ David J.S. Madgett</u>
        David J.S. Madgett (#0390494)
        619 South Tenth Street
        Suite 301
        Minneapolis, MN 55404
        (612) 470-6529
        dmadgett@madgettlaw.com

        ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth/ Hennepin<br>Civil Other/Misc. |

Galen Traylor
*Plaintiff

vs.

U.S. Bankcorp, U.S. Bank
Defendant

# COMPLAINT

PLAINTIFF, as and for her causes of action against the above-named defendants, states and alleges as follows:

### Introduction

1.  The following case alleges prolonged harassment by defendants. On an ongoing basis Defendant used an automatic telephone dialing system (hereinafter ATDS) to repeatedly call and harass Ms. Traylor on her personal cell phone despite Ms. Traylor repeatedly requesting that Defendant cease its calling. During several of the calls, Defendant's representatives illegally harassed Ms. Traylor to the point where she developed anxiety when dealing with or even thinking about financial matters. Plaintiff brings this action in order to put a stop to Defendant's illicit conduct.

### Statement of Jurisdiction

1

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

### Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### Parties

4. Plaintiff Galen Traylor is an adult resident of Hennepin County, Minnesota.

5. Defendant U.S. Bankcorp is a foreign company registered to conduct business in the state of Minnesota.

6. Defendant U.S. Bank is a national bank.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

### Facts

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff's current telephone number, (xxx) xxx-7059, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

11. Sometime prior to 2013 Plaintiff applied for and obtained an auto loan.

12. Plaintiff thereafter seriously injured in a fall which caused Plaintiff to suffer a traumatic brain injury and to miss work and eventually led to the loss of Plaintiff's job and, therefore, her ability to repay her alleged debt to Defendants.

13. Although Plaintiff wished to pay the debt(s) in question, Plaintiff was unable to do so given these previously unforeseen financial difficulties.

14. Defendants thereafter began calling Plaintiff on a nearly a daily basis.

15. On some days Plaintiff received in excess of five calls per days from Defendants.

16. On numerous occasions Plaintiff explained her financial situation and apologized for being unable to pay the debt in question.

17. Plaintiff requested the calls in question stop because Plaintiff had no means of repaying her alleged debt.

18. The calls did not stop.

19. In fact, on several occasions when Plaintiff asked for the calls to stop Defendants would call Plaintiff a subsequent time immediately after the call during which Defendants were asked to stop calling.

20. The calls in question appeared to originate from at least three separate lines and, in some cases, appeared as blocked or unknown calls.

21. The numbers 1-800-872-2625, 530-672-4017, and 913-490-5100 all appeared on Plaintiff's caller ID during calls with Defendant.

22. Upon information and belief, Defendant utilizes an ATDS to collect alleged debts from consumers.

23.     On several occasions Defendant's auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls a representative was entirely unavailable resulting in a period of dead air (hereinafter "dead air calls").

24.     On other occasions when Plaintiff answered these calls a pre-recorded message came on the line.

25.     Plaintiff is informed and believes, and thereon alleges, that said phone calls were made to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

26.     Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

27.     Defendant placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

28.     As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

### Specific Claims

Count I - Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

30. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 Et Seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### Count III – Common Law Invasion of Privacy by Intrusion Upon Seclusion

36. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing calls placed by Defendants constitute an intentional intrusion upon the seclusion of Plaintiff.

38. Plaintiff had a reasonable expectation of privacy in that she reasonably did not expect to be repeatedly called on her cellular telephone line.

39. Plaintiff had a reasonable expectation of privacy and expectation that persons calling her cellular phone line are not intending to harass her.

40. The sheer volume of calls was highly offensive to Plaintiff and would be similarly offensive to any reasonable Minnesota consumer.

41. As a result of Defendant's invasion upon the seclusion of Plaintiffs, Plaintiffs are entitled to damages including such fair compensation as a court or jury may deem appropriate.

### Jury Demand

42. Plaintiff hereby demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff, Galen Trayler, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    e. injunctive relief prohibiting such conduct in the future;

  f. litigation expenses, and cost of suit; and

  g. Any other relief deemed appropriate by this Honorable Court.

Dated: May 8, 2017  Respectfully Submitted,

    MADGETT LAW, LLC

    s/ David J.S. Madgett
    David J.S. Madgett (#0390494)
    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404
    (612) 470-6529
    dmadgett@madgettlaw.com

    ATTORNEY FOR PLAINTIFF

### Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: May 8, 2017  By: /s/ David J.S. Madgett
    David J.S. Madgett
    ATTORNEYS FOR PLAINTIFF

7