UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. 17-CV-01864(JRT/TNL)

Galen Traylor
*Plaintiff*

vs.

U.S. Bancorp, U.S. Bank N.A. *d/b/a* U.S. Bank
*Defendants*

**AMENDED COMPLAINT**

PLAINTIFF, as and for her causes of action against the above-named defendants, states and alleges as follows:

## INTRODUCTION

1.  The following case alleges prolonged harassment by Defendants. Sometime prior to March 2017, Defendants illegally enrolled Ms. Traylor in an unwanted checking overdraft program so that Defendants could at some point attempt collection of improper and excessive overdraft fees. In March of 2017 after a traumatic brain injury Ms. Traylor overdrew her bank account and Defendants commenced a relentless campaign to collect their fees. On an ongoing basis Defendants used an automatic telephone dialing system (hereinafter ATDS) to repeatedly call and harass Ms. Traylor, a disabled individual, on her home and cellular phones. Defendants continued this behavior despite Ms. Traylor repeatedly requesting that Defendants cease their calling. During several of the calls, Defendants' representatives illegally harassed Ms. Traylor to the point where she developed anxiety when dealing with or even thinking about financial matters.

2

## STATEMENT OF JURISDICTION & VENUE

2.  This Court has Jurisdiction over the subject matter of this action pursuant to the Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693m, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (b)(3), and the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 § et seq.

3.  Venue is proper pursuant to 28 U.S. Code § 1391(1) and (2) because the cause of action arose within the State of Minnesota and the County of Hennepin and Defendants regularly conducts business in the same.

## PARTIES

4.  Plaintiff Galen Traylor is an adult resident of Minnesota.

5.  Defendant U.S. Bancorp is a foreign company registered to conduct business in the state of Minnesota.

6.  Defendant U.S. Bank N.A ("U.S. Bank") is a national bank regularly using the abbreviated name U.S. Bank in numerous customer facing operations.

7.  Despite wide use of the name "U.S. Bank", U.S. Bank N.A. has not registered its assumed name with the Minnesota Secretary of State.

8.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota.

## FACTS

9.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendants are, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11.     Plaintiff's telephone number, (xxx) xxx-7059, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227 (b)(1)(A)(ii).

12.     In February 2017 Plaintiff was seriously injured in a fall which caused Plaintiff to suffer a traumatic brain injury.

13.     In March of 2017 Plaintiff mistakenly overdrew her checking account held at U.S. Bank.

14.     The overdraw in question occurred because the bank allowed Plaintiff to withdraw more cash from an ATM than she had available in her account.

15.     On information and belief, Defendants knew at the time Ms. Traylor requested the cash that Ms. Traylor did not have sufficient funds in her account.

16.     Defendants took no action to inform Ms. Traylor that her account would be overdrawn.

17.     Plaintiff did not opt-in to overdraft services for ATM or one-time debit card transactions as required by 12 CFR 205.17, and the Electronic Funds Transfer Act.

18.     Days later Plaintiff noticed the error, although Plaintiff wished to pay the debt(s) in question, Plaintiff was unable to do so given financial difficulties associated with her injury.

19.     Defendants thereafter began calling Plaintiff on her home telephone on a nearly a daily basis.

20.     Defendants similarly placed phone calls to Plaintiff's cellular telephone.

21.     On some days Plaintiff received in excess of five calls per days from Defendants.

22.     On numerous occasions Plaintiff explained her financial situation and apologized for being unable to pay the debt in question.

23.     Plaintiff requested the calls in question stop because Plaintiff had no means of repaying her alleged debt.

24.     The calls did not stop.

25. The calls in question appeared to originate from at least three separate lines and, in some cases, appeared as blocked or unknown calls.

26. The numbers 1-800-872-2625, 530-672-4017, and 913-490-5100 all appeared on Plaintiff's cellular phone caller ID during calls with Defendants.

27. Upon information and belief, Defendants utilize an ATDS to collect alleged debts from consumers.

28. On several occasions Defendants' auto-dialing system would dial Plaintiff; when Plaintiff answered these phone calls a representative was entirely unavailable resulting in a period of dead air (hereinafter "dead air calls").

29. On other occasions when Plaintiff answered these calls a pre-recorded message came on the line.

30. Plaintiff is informed and believes, and thereon alleges, that said phone calls were made to Plaintiff's cellular telephone via an "automatic telephone dialing system" as defined by 47 U.S.C. § 227 (a)(1).

31. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

32. Defendants placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

33. As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

**SPECIFIC CLAIMS**

First Claim for Relief

Violation of the Electronic Funds Transfer Act 15 U.S.C. § 1693 Et. Seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendants violated the EFTA and Regulation E, 12 C.F.R. § 205.17.

36. Specifically, Defendants opted Plaintiff into overdraft protection, a fee service not requested or authorized by Ms. Traylor.

37. As a direct and proximate result of Defendants' violations of EFTA and Regulation E, Plaintiff has sustained actual damages.

Second Claim for Relief

Negligence

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendants owed Plaintiff, their customer, a duty of ordinary care.

40. Defendants breached its duty as follows:

　　a. Defendants failed to obtain Ms. Traylor's express consent for ATM overdraft services.

　　b. Defendants approved unnecessary ATM charges knowing that Ms. Traylor did not have the funds to cover the charges in question.

　　c. Despite having actual knowledge of Ms. Traylor's account balance, Defendants failed to disclose to Ms. Traylor that her checking balance was insufficient.

　　d. Defendant willfully took advantage of Ms. Traylor's accounting mistake to generate unnecessary fees.

41. As a direct and proximate result of Defendant's breach of this duty, Plaintiff suffered compensable harm, including actual damages and emotional distress.

42. Defendants' conduct was so flagrant as to transcend mere carelessness and constitute willful negligence or recklessness. Upon information and belief, Defendants have engaged in a pattern and practice of similar behavior against other customers.

43. As a direct result of Defendants' negligence Plaintiff has sustained damages.

Third Claim for Relief

Breach of Contract

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The parties entered into a contractual agreement as evidenced by the account holder agreement.

46. This agreement did not provide for ATM overdraft protection fees.

47. Despite this, the bank assessed the fees in question.

48. Defendants thereafter engaged in a relentless calling campaign to collect the fees in question.

Fourth Claim for Relief

Negligent Violations of the Telephone Consumer Protection Act

47 U.S.C. § 227 et seq.

49.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51.     As a result of the Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

Fifth Claim for Relief

Knowing and/ or Willful Violations of the Telephone Consumer Protection Act

47 U.S.C. § 227 et seq.

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55.     As a result of Defendants' knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Sixth Claim for Relief

Common Law Invasion of Privacy by Intrusion Upon Seclusion

56.     Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     The foregoing calls placed by Defendants constitute an intentional intrusion upon the seclusion of Plaintiff.

58.     Plaintiff had a reasonable expectation of privacy in that she reasonably did not expect to be repeatedly called on her cellular telephone line.

59.     Plaintiff had a reasonable expectation of privacy and expectation that persons calling her cellular phone line are not intending to harass her.

60.     The sheer volume of calls was highly offensive to Plaintiff and would be similarly offensive to any reasonable Minnesota consumer.

61.     As a result of Defendant's invasion upon the seclusion of Plaintiffs, Plaintiffs are entitled to damages including such fair compensation as a court or jury may deem appropriate.

Seventh Claim for Relief

Intentional Infliction of Emotional Distress

62.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.     Defendant willfully disregarded the rights of Plaintiff, namely plaintiff's right to be free from harassing computer dialed phone calls.

64. Defendant knowingly called plaintiff, a vulnerable adult, and a disabled person with traumatic brain injury using a prerecord message at inconvenient hours without providing any means for plaintiff to opt out of the calls in question.

65. Defendant thereby acted in an extreme and outrageous manner.

66. Plaintiff suffered severe distress from Defendants' calls and statements.

67. Plaintiff suffered from headaches, shortness of breath, frustration, fear, and anxiety and depression as a direct result of Defendants' intentional behavior and/ or statements.

Eighth Claim for Relief

Truth in Lending Act, 15 USC 1601 et seq.

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Defendants overdraft protection constitutes an open end credit plan as that term is used in the Truth and Lending Act.

70. By failing to deliver the necessary lending disclosures, Defendants violated 15 U.S.C. § 1637 et. seq.

**JURY DEMAND**

71. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Galen Traylor, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

  c. Statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

  d. twice the finance charge assessed on Plaintiff by Defendants, pursuant to 15 U.S. Code § 1640;

  e. injunctive relief prohibiting such conduct in the future;

  f. litigation expenses, and cost of suit; and

  g. Any other relief deemed appropriate by this Honorable Court.

Dated: June 28, 2017  Respectfully Submitted,

  MADGETT LAW, LLC

  <u>s/ David J.S. Madgett</u>
  David J.S. Madgett (#0390494)
  619 South Tenth Street
  Suite 301
  Minneapolis, MN 55404
  (612) 470-6529
  dmadgett@madgettlaw.com

  ATTORNEY FOR PLAINTIFF

11